IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:12CR131

KAREN SAN JOSE,

    Petitioner.

**MEMORANDUM OPINION**

Karen San Jose, a federal inmate proceeding pro se, filed MOTION UNDER 28 U.S.C. § 2255 TO VACATE SET ASIDE, OR CORRECT SENTENCE. ("§ 2255 Motion," ECF No. 407.) The Government has responded and moves to dismiss on the ground that, inter alia, the § 2255 Motion is barred by the relevant statute of limitations.[1] For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

### I.  PROCEDURAL HISTORY

Jose pled guilty to aiding and abetting in use of a firearm during the commission of a crime of violence causing death to another. (ECF No. 116, at 1.) On July 26, 2013, the Court entered final judgment and sentenced Jose to two hundred and forty months of imprisonment. (ECF No. 315, at 2.) Jose did not appeal.

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

On May 18, 2022, Jose mailed her § 2255 Motion to this Court. (ECF No. 407, at 12.)[2] In her § 2255 Motion, Jose contends that she is entitled to relief upon the following ground:

> FSA OF 2018, D.C. Code Section 24-403-03: Offenders who committed their crimes before 25 yrs. can be resentenced to reduced term. I was only 17 yrs. old when I committed the crime I am currently incarcerated for. I am ordinary citizen with no knowledge of the law. I was not informed of any downward variance for my sentence that I may have qualified for being an adolescent.

(Id. at 4.)

## II. THE STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court deems the § 2254 Petition filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Jose's judgment of conviction became final on Friday, August 9, 2013, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Therefore, under 28 U.S.C. § 2255(f)(1), Jose had until August 9, 2014, to file a timely 28 U.S.C. § 2255 motion. Jose's § 2255 Motion filed on May 18, 2022 is clearly filed beyond the one-year limitation period.

Jose suggests that the Court should consider her § 2255 Motion timely because:

> I just became aware of the D.C. Code Section 24-403.03 while reading the update information of the First Step Act of 2018 when it was posted by the [Federal Bureau of Prisons] on the trulincs law library. My attorney at the time of my sentence did not inform me of any reduction in sentence I may have qualified due to my adolescent age at the time of the crime. I was only 17 yrs. old, and had never been in trouble before. My poor choices in friends lead me to long journey of incarceration where I have grown and learned to value the importance of making good choices.

(ECF No. 407, at 10-11.) Jose fails to explain how the cited provision of the D.C. Code, which provides for a modification of an imposed term of imprisonment for violations of law committed before the defendant was 25 years of age, has any relevance to her

3

federal crime committed in Virginia. Furthermore, even if passage of the First Step Act ("FSA") could constitute a new fact under 28 U.S.C. § 2255(f)(4), Jose failed to file her § 2255 Motion within one year after the FSA became law. See Pub. L. No. 115-391, 132 Stat. 5194 (2018). Thus, the § 2255 Motion remains barred by the statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Jose's § 2255 Motion (ECF No. 407) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Jose and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 7, 2024

4